Man v. Garland

BIA
Hom, IJ
A206 231 032

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-one.

PRESENT:
BARRINGTON D. PARKER,
SUSAN L. CARNEY,
WILLIAM J. NARDINI,
_Circuit Judges._

---

LIN MAN,
    _Petitioner_,

v.                                          18-2305
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    _Respondent._*

---

FOR PETITIONER:        Gary J. Yerman, The Yerman Group, New York, NY.

FOR RESPONDENT:        Lindsay Marshall, Office of Immigration Litigation, United

---

* The Clerk of Court is directed to amend the caption to conform to the above.

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Man, a native and citizen of the People's Republic of China, seeks review of a July 23, 2018 decision of the BIA affirming an August 11, 2017 decision of an Immigration Judge ("IJ") denying Man's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Man*, No. A 206 231 032 (B.I.A. July 23, 2018), *aff'g* No. A 206 231 032 (Immig. Ct. N.Y.C. Aug. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial

2

evidence standard).  "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies between Man's statements at his credible fear interview and his testimony.  As an initial matter, the interview record bore sufficient "hallmarks of reliability" because the interview was memorialized in a typewritten list of questions and answers, Man had an interpreter, his responses indicated that

3

he understood the questions, and the questions addressed past harm and fear of future harm as needed to elicit an asylum claim. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (citing *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir. 2004)). Moreover, a representative from Man's attorney's office was present during the interview. Man's challenges to the interview record are unsupported. Contrary to Man's testimony that they changed the interpreter during the interview because the quality of the interpretation was poor, the record reflects that an issue with the telephone connection caused the change. As Man notes, the interview record acknowledges that "[t]here may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening." While this statement supports the proposition that the agency needed to exercise particular care in relying on omissions from Man's statements during the credible fear interview, it did not preclude the agency from relying on inconsistencies between the credible fear interview and Man's subsequent testimony in making an adverse credibility determination. *See Ming Zhang*, 585 F.3d at 724-25 (stressing importance of nature of inconsistency).

4

Given the overall reliability of the record before the agency, the inconsistencies between Man's interview statements and testimony provide substantial evidence for its adverse credibility determination.

First, the agency reasonably determined that Man's testimony that he was detained for 15 days in March 2011 was inconsistent with his interview statements that he was detained for only a week. Man did not provide an explanation for the inconsistency.

Second, the agency reasonably determined that Man's testimony and statements at his credible fear interview were inconsistent regarding why he became a Christian. At his credible fear interview, Man stated that a friend introduced him to Christianity after he failed his college exam. At his agency hearing, however, Man testified that he started attending church because his coworkers bullied him. The IJ was not required to credit Man's explanation that these were both reasons and that he did not tell his complete story at his interview, particularly since Man did not explain why he did not mention failing the exam as a reason for his turn to Christianity in his testimony. *See Majidi v. Gonzales*, 430

5

F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

Finally, Man's statement at his credible fear interview that he was arrested and detained seven or eight times was inconsistent with his testimony that he was arrested and detained four times. When confronted with this inconsistency, Man testified that the interview happened only days after he was taken into immigration custody and the interpretation was poor. The IJ was not required to accept this explanation, however, because the interview record reflects that Man was detained on September 11, 2013, but his interview did not occur until September 30, 2013; the record reflects that Man understood the interpreter because he provided responsive answers; and, during the interview, Man was accompanied by a consultant from his attorney's office for assistance. *See Majidi*, 430 F.3d at 80.

Given these inconsistencies, two of which relate to alleged incidents of persecution, substantial evidence

6

supports the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)).

The BIA determined that the adverse credibility determination was dispositive of Man's past persecution claim, but separately analyzed, and rejected, Man's fear of future persecution based on his claim that he was a practicing Christian in the United States. Man has waived any challenge to the agency's finding on this issue by not addressing the issue in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (petitioner abandons issues not raised in his brief). Because Man did not meet the lower burden of establishing eligibility for asylum, he cannot meet the higher standards for withholding of removal and CAT protection. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is

DENIED.  All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court